```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

United States of America,

    v.                                    Civil No. 09-cv-337-LM

Funds in Citizen Bank Checking
Account No. 3311521635 in the name
of Anthony Moscaritolo, et al.,


**O R D E R**

In January of 2010, a federal grand jury returned an indictment charging Anthony Moscaritolo with six counts of unlawfully distributing oxycodone and one count of conspiring to unlawfully distribute oxycodone. Trial is scheduled to begin on February 15, 2011.

In this related civil action, the government seeks to forfeit approximately $16,000 in Moscaritolo's checking account, $1,342 in cash, and a 2004 Big Inch Bikes custom motorcycle - all of which the governments says are proceeds of Moscaritolo's unlawful drug sales, traceable to those sales, and/or facilitated those sales. See 21 U.S.C. § 881(a). Moscaritolo, proceeding pro se, has filed both a claim to that property and an answer to the government's petition, in which he generally challenges the government's authority to forfeit those assets.

On June 29, 2010, the court granted the government's motion to compel Moscaritolo to respond to its outstanding discovery requests.  Moscaritolo has apparently failed to comply with that order and, as a sanction for his defiance, the government now moves the court to strike both his claim and his answer.  See Fed. R. Civ. P. 37(b)(2)(A)(iii).  Although Moscaritolo has not filed an objection, his silence is, perhaps, understandable given his impending criminal trial.  Similarly, his refusal to respond to discovery requests in this civil proceeding might be explained by a reluctance to implicate himself in the drug distribution conspiracy alleged in the criminal indictment.

Given the factual circumstances presented in this case, as well as this court's traditional practice in situations such as this, it might well be appropriate to stay this civil forfeiture proceeding, pending a verdict (or guilty plea) in the underlying criminal matter.  In fact, charitably construing Moscaritolo's pro se filings, one might plausibly infer that he is seeking just such a stay.  See, e.g., Answer (document no. 11) at 2 ("At the time of arrest I was riding my motorcycle (which is in the complaint) and the government is stating that I was transporting drugs in violation of 21 U.S.C. § 881(a)(4) and (6), but the[re] is no proof that I was transporting drugs nor have I been found guilty of transporting drugs.  To forfeit my property without me

being found guilty would be prejudic[ial] and unfair [as] a matter of law.")

## Conclusion

When a defendant is facing criminal prosecution (in either state or federal court), this court will frequently stay any related federal civil forfeiture proceedings pending resolution of the underlying criminal charges.  Such a stay might well be appropriate in this case.  Accordingly, on or before September 3, 2010, both Moscaritolo and the government shall show cause why this civil forfeiture proceeding should not be stayed until Moscaritolo's underlying criminal case has been resolved.

In light of the foregoing, the government's Motion to Strike (document no. 19) is denied, without prejudice to subsequent refiling if circumstances warrant.

**SO ORDERED.**

_____
Landya B. McCafferty
Magistrate Judge

August 20, 2010

cc: Anthony Moscaritolo, pro se
    Aixa Maldonado-Quinones, Esq.